UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMMITT JONES (#89194)** | **CIVIL ACTION** |
| **VERSUS** | |
| **LOUISIANA STATE BOARD OF PAROLE, ET AL.** | **NO. 11-0323-BAJ-CN** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, September 9, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EMMITT JONES (#89194)**                                  **CIVIL ACTION**

**VERSUS**

**LOUISIANA STATE BOARD OF PAROLE, ET AL.**                **NO. 11-0323-BAJ-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana State Board of Parole, current Parole Board Chairman C. A. Lowe, Jr., previous Parole Board Chairman Fred Y. Clark, and unidentified "members" of the Louisiana Board of Parole, alleging that his constitutional rights have been violated by the failure of the Parole Board to grant him parole. Specifically, he asserts that he became eligible for parole consideration in December, 1998, and has applied to the Parole Board on five (5) separate occasions since then. He asserts that on each such occasion, his application was denied because of the "serious nature of the offense". He contends, however, that other inmates with similar convictions for armed robbery have been granted parole by the defendants. He apparently believes that, inasmuch as these other inmates have been granted parole, his constitutional right to equal protection has been violated. He prays only for monetary damages from the defendants.

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks

an arguable basis either in fact or in law. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), <u>citing</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995). A Court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. <u>Denton</u>, <u>supra</u>. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915 purposes. <u>Id.</u>; <u>Ancar v. Sara Plasma, Inc.</u>, 964 F.2d 465 (5th Cir. 1992). Further, a § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. <u>Cf.</u>, <u>Green v. McKaskle</u>, <u>supra</u>.

The plaintiff's claim fails in several respects. First, the Court notes that the plaintiff has named the Louisiana Board of Parole as a defendant herein. Under the Eleventh Amendment to the United States Constitution, however, an unconsenting State is immune from any lawsuit seeking monetary damages brought in federal courts by her own citizens as well as by citizens of other states. <u>Edelman v. Jordan</u>, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of constitutional civil rights under color of state law. See <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); <u>Quern v. Jordan</u>, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); <u>Edelman v. Jordan</u>, <u>supra</u>. Thus, absent consent or waiver by the State of Louisiana, not here present, the State is immune from suit in this action. This shield of immunity extends to the Louisiana Board of Parole as an arm or agency of the State. See <u>McGrew v. Texas Board of Pardons & Paroles</u>, 47 F.3d 158 (5th Cir. 1995). Therefore, the plaintiff's claim asserted against the

Louisiana Board of Parole is barred by the Eleventh Amendment and must be dismissed.

Turning to the plaintiff's claim asserted against the individual Parole Board chairmen and members, the Court concludes that these claims face dismissal on the basis of absolute immunity. Specifically, it has been held that members of a parole board who sit in determination of an inmate's entitlement to parole are immune from suit for damages in their quasi-judicial roles. Thus, in Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987), the Fifth Circuit observed that the defendant parole board members "enjoyed absolute immunity from § 1983 damages." Similarly, in McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158 (5th Cir. 1995), the Court stated, in addressing a claim brought by a Texas inmate, that "parole board members who personally participate in the 'quasi-judicial activity of revoking parole' are absolutely immune from suit ...." 47 F.3d at 161. In the instant case, the defendants sit in an identical position inasmuch as they sit in determination of the plaintiff's entitlement to release on parole. Thus, in the Court's view, the plaintiff's claim for monetary damages against the defendants must be dismissed.[1]

---

[1] The Court further finds that the plaintiff's claims do not state a claim upon which relief may be granted relative to his claim of equal protection. The mere fact that other inmates convicted of armed robbery may have been granted parole does not establish that the plaintiff is similarly situated to those inmates. Further, the plaintiff's assertions in this regard are entirely conclusory, and conclusory allegations that an inmate plaintiff has been treated differently than other similarly situated inmates are insufficient to state an equal protection claim. See Clark v. Owens, 371 Fed.Appx. 553 (5th Cir. 2010).

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.[2]

Signed in chambers in Baton Rouge, Louisiana, September 9, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] Note that 28 U.S.C. § 1915(g) specifically provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."